## Munroe et al. *v.* Reliance Land Co., Appellant.

*Contract—Sale of land—Conditions—Sale of stock of corporation—Costs divided.*

1. Where a land company enters into an agreement to sell land, and in the agreement covenants that it will assist the purchaser "in obtaining subscriptions to twenty thousand shares of stock" of a company organized to take over the land and build thereon a manufacturing plant, and it appears that the plant could not be established on the land unless the money was raised by the sale of the stock, the condition is not fulfilled if the parties fail to obtain subscriptions for all the twenty thousand shares.

2. In such case assistance by the land company in the sale of part of the twenty thousand shares is not a compliance.

3. In this case the costs were divided between the parties.

Argued October 21, 1921. Appeal, No. 210, Oct. T., 1921, by Reliance Land Co., defendant, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 966, on bill in equity, in case of J. Stewart Munroe et al., trading as J. S. Munroe & Co., v. Reliance Land Co. and R. F. Pitcairn. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for decree to terminate trust and pay over a fund. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiffs. Reliance Land Co. appealed.

*Error assigned,* inter alia, was decree, quoting it.

*J. M. Wright,* of *Wright, Chalfant & McCandless,* with him *Russell J. Esler,* for appellant.

*William A. Wilson,* of *Calvert, Thompson & Wilson,* with him *Herbert D. Lent, Jr.,* and *Watson & Freeman,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

Munroe & Company are dealers in securities in the City of Pittsburgh; the Reliance Land Company is the owner of a tract of land suitable for manufacturing purposes, at Tarentum, in Allegheny County.

Munroe & Company were engaged by the Cabco Iron Works, a corporation located at Gowanda, New York, to aid in procuring for it a new manufacturing site in Allegheny County and in refinancing the enterprise. Munroe & Company learned of the Reliance Company's land, and opened up negotiations with persons interested in that concern, looking to the purchase of its real estate, the result of which was the execution of three written agreements. The construction of these documents is involved in this proceeding.

All the papers bear a like date, May 4, 1920, and the parties to them are the same, namely, Reliance Land Company and J. S. Munroe & Company. By the first of these writings, the Reliance Company agreed to execute and deliver a deed for the tract of land belonging to it, in consideration of which Munroe & Company were to transfer to the grantor shares of preferred and common stock of the Cabco Iron Works, and to assume other undertakings not necessary here to be set forth. The first contract contained this provision, "The said Reliance Company and its stockholders further agree to assist in obtaining subscriptions to twenty thousand shares of the preferred stock of Cabco Iron Works, Inc., a Delaware corporation, on or before May 15, 1920." The paper also provided, as a further consideration for its execution by the Reliance Company, that Munroe &

Company should deposit ten thousand dollars with a trustee named, to be delivered by him as the writing provided; this deposit was made. The clauses operating on the deposit specify that "In the event the [Reliance Company] carried out all its undertakings above referred to and [Munroe & Company] fail to purchase the property hereinbefore described, upon the terms and conditions of this agreement, said sum of ten thousand dollars shall be paid by the trustee to [the Reliance Company]," with a stipulation that the payment should be considered as liquidated damages to the Reliance Company. It is further provided that, if the Reliance Company and its stockholders fail to assist "in the securing of subscriptions for twenty thousand shares" of the preferred stock, or in the event that Munroe & Company purchase the property in accordance with the agreement, the trustee shall pay back the deposit of $10,000 to them.

The second contract, after reciting the agreement just referred to,—that, as one of its considerations, the Reliance Company and its stockholders "agree to assist in obtaining subscriptions to twenty thousand shares of the preferred stock,"—provides how payments for stock shall be made and how stock certificates shall be delivered, if the transactions should go through. The third paper, called a supplementary agreement, recites the first agreement, and that a third party was endeavoring to collect a commission from the Reliance Company on the sale of the land. It stipulates that the paragraph in the original contract, relating to the failure by the Reliance Company to assist in the securing of subscriptions, should be modified, to provide, that, in the event of failure "to assist in the securing of subscriptions for twenty thousand shares," the trustee should pay over the $10,000 in his hand to Munroe & Company, and, if they purchased the property, the trustee should retain the deposit, until the final disposition of the claim for commissions.

By the joint efforts of Munroe & Company and those interested in the Reliance Company only 1,286 shares of stock were sold, and the project of establishing the plant of the iron company on the land of the Reliance Company fell through. Munroe & Company made demand on the trustee for the money they had deposited, and the Reliance Company also demanded it. Munroe & Company filed a bill in equity against the Reliance Company and the trustee, asking for a decree directing the latter to turn over the money in his hands to the plaintiffs; a cross-bill was filed by the Reliance Company, the prayer of which was to turn the deposit over to it. After hearing, the court below directed the money to be paid to Munroe & Company; from this decree the Reliance Company has appealed.

The case turns on the proper construction of the words in the agreements "to assist in obtaining subscriptions to twenty thousand shares of stock." The learned chancellor who heard the case construed the contract to mean that, if twenty thousand shares were subscribed for, with such assistance as the Reliance Company and its stockholders could give, the sale was to go on, otherwise the money was to be returned to Munroe & Company. With this conclusion we agree. The undertaking of the Reliance Company and its stockholders was to assist in selling twenty thousand shares, not in selling part of twenty thousand shares. The contention now made is that it is entitled to the $10,000, if it and its stockholders assisted in the sale of part of twenty thousand shares. The difficulty with this position is that the agreements do not so provide. If their terms had been that the Reliance Company was "to assist in obtaining subscriptions to shares of stock," appellant's position might be tenable, but the language of the agreements is that they were "to assist in obtaining subscriptions to twenty thousand shares of stock." The sale of twenty thousand shares was to be the completed undertaking, and the vendees were not obligated to take the property

unless that number of shares were sold. Both parties were looking to the same end, the creation of the plant; it could not be established on the land unless the money was raised by the sale of stock. The Reliance Company, in requiring the deposit of $10,000, was safeguarding itself against bad faith on the part of Munroe & Company if, after the sale of the stipulated number of shares in which the Reliance Company had assisted, Munroe & Company should fail to carry out their contract to purchase the land. Appellant is bound by the terms of the agreements as they are written; they cannot be strained to the meaning contended for, that the $10,000 was to be forfeited to it if Munroe & Company, with such assistance as appellant and its stockholders rendered, did not succeed in selling the twenty thousand shares.

The decree is affirmed; costs to be paid one-half by the plaintiffs and one-half by the appellant.